■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MANUEL MOJICA, Appellant.— Appeals by defendant from two judgments of the Supreme Court, Queens County, (1) the first rendered April 25, 1968, convicting him of robbery in the third degree, unarmed, upon a plea of guilty, and sentencing him to a prison term of 2½ to 5 years; and (2) the second rendered February 19, 1970, resentencing him upon the same conviction to 2½ to 4 years, *nunc pro tunc*. The appeals bring up for review portions of two orders of the same court, i.e., (1) so much of the first order, dated February 20, 1967, as, after vacating a wiretap order and suppressing wiretap evidence, on the consent of the District Attorney, failed to grant defendant a hearing on the contents of the wiretap tapes (as a forerunner to an attack against any fruits of the tape contents); and (2) so much of the second order, dated April 24, 1968, as denied a renewed application for such a hearing. Appeal from original judgment (rendered April 25, 1968) dismissed as academic. That judgment was superseded by the judgment of resentence. Judgment of resentence (rendered February 19, 1970), and orders insofar as reviewed, affirmed. No opinion. Christ, P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEE POWE, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated August 6, 1969, which denied the application, after a hearing. Order reversed, on the law, and proceeding remitted to the Criminal Term for a further hearing and a new determination in accordance with the memorandum herein. No questions of fact were considered on this appeal. Defendant instituted the instant *coram nobis* application in an attempt to be resentenced, alleging that he was not advised of his right to appeal and relying on the decisions in *People* v. *Montgomery* (24 N Y 2d 130) and *People* v. *Callaway* (24 N Y 2d 127). The Criminal Term denied the application, after a hearing, as a matter of law, on the ground that the instant case was distinguishable from *Montgomery* and *Callaway* (*supra*). The defendants in *Montgomery* and *Callaway* (*supra*) were convicted after trial and were still serving their sentences at the time of their respective *coram nobis* applications. By way of contrast, the defendant herein had been convicted upon his plea of guilty in 1945 and has completed serving his sentence at the time of his application in 1969. Such distinctions cannot serve as a basis for denying defendant's application (*People* v. *Brown,* 33 A D 2d 1031). Furthermore, the Criminal Term did not determine the question of whether defendant was advised of his right to appeal at the time he was sentenced in 1946. A determination of this issue must be made at the rehearing (cf. *People* v. *Harvin,* 26 N Y 2d 656). Christ, P. J., Rabin, Hopkins and Munder, JJ., concur. (Beldock, P. J., deceased.)